| UNITED STATES BANKRUPTCY COURT |
| --- |
| District of New Jersey |

Albert Russo
Cn 4853
Trenton, NJ  08650
(609) 587-6888
Standing Chapter 13 Trustee

In re:

Orest B Mycyk
Gina M Mycyk

Debtor(s)

**Order Filed on January 14, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Case No.: 15-18289 / KCF

Hearing Date:  02/08/2017

Judge: Kathryn C. Ferguson

Chapter: 13

# ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is **ORDERED**.

**DATED: January 14, 2019**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

The modified plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such modified plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the modified plan of the above named debtor, dated 12/04/2018, or the last amended plan of the debtor be and it is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of 46 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

$18,778.13 PAID TO DATE

$229.00 for 3 months beginning 01/01/2019

**ORDERED** that the case is confirmed with a calculated plan funding of $19,465.13. General unsecured creditors are scheduled to receive a pro-rata dividend of funds available.

**ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement. Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that the debtor shall make Chapter 13 plan payments via third-party online payment provider Nationwide TFS (www.tfsbillpay.com) or the attorney for the debtor shall prepare and serve a Wage Order upon the debtor's employer.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that to the extent Section 7 of the debtor's plan contains motions to avoid judicial liens under 11 U.S.C. § 522(f) and/or to avoid liens and reclassify claims in whole or in part, such motions are hereby granted, except as specified below:

NO EXCEPTIONS

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is <u>not authorized</u> to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a).

**ORDERED** that creditor Bayview Loan Servicing, PACER claim #13-1, received stay relief on November 30, 2018 on property located at 14 Rotunda Drive; no arrears are to be paid through the Chapter 13 Plan; creditor will be paid outside of the Chapter 13 Plan.

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date. If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

United States Bankruptcy Court
District of New Jersey

In re:  
Orest B Mycyk  
Gina M Mycyk  
    Debtors

Case No. 15-18289-KCF  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-3      User: admin      Page 1 of 1      Date Rcvd: Jan 14, 2019  
                      Form ID: pdf903     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 16, 2019.  
db/jdb      +Orest B Mycyk,   Gina M Mycyk,   14 Rotunda Drive,   Hamilton, NJ 08610-1928

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                        TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 16, 2019                                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 14, 2019 at the address(es) listed below:

      Albert Russo   docs@russotrustee.com  
      Albert Russo   on behalf of Trustee Albert Russo docs@russotrustee.com  
      Albert Russo (NA)   on behalf of Trustee Albert Russo docs@russotrustee.com  
      Charles G. Wohlrab   on behalf of Creditor   BAYVIEW LOAN SERVICING, LLC cwohlrab@logs.com, njbankruptcynotifications@logs.com  
      Conika Majumdar   on behalf of Creditor   JPMORGAN CHASE BANK, NATIONAL ASSOCIATION conika.majumdar@fnf.com  
      Denise E. Carlon   on behalf of Creditor   Toyota Lease Trust dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com  
      Francesca Ann Arcure   on behalf of Creditor   Toyota Motor Credit Corporation NJ_ECF_Notices@McCalla.com, NJ_ECF_Notices@McCalla.com  
      John Zimnis   on behalf of Joint Debtor Gina M Mycyk njbankruptcylaw@aol.com.  
      John Zimnis   on behalf of Debtor Orest B Mycyk njbankruptcylaw@aol.com.  
      John R. Morton, Jr.   on behalf of Creditor   Thrift Investment Corporation ecfmail@mortoncraig.com, mortoncraigecf@gmail.com  
      Lynn Therese Nolan   on behalf of Creditor   Toyota Lease Trust ecfnotices@grosspolowy.com, jbommelje@grosspolowy.com  
      Patrick O. Lacsina   on behalf of Creditor   Ocwen Loan Servicing, LLC , PATRICK.LACSINA@GMAIL.COM  
      Phillip Andrew Raymond   on behalf of Creditor   BAYVIEW LOAN SERVICING, LLC phillip.raymond@mccalla.com  
      R. A. Lebron   on behalf of Creditor   JPMORGAN CHASE BANK, NATIONAL ASSOCIATION bankruptcy@feinsuch.com  
      Rebecca Ann Solarz   on behalf of Creditor   Toyota Lease Trust rsolarz@kmllawgroup.com  
      Richard James Tracy, III   on behalf of Creditor   BAYVIEW LOAN SERVICING, LLC rtracy@schillerknapp.com, tshariff@schillerknapp.com;kcollins@schillerknapp.com;ahight@schillerknapp.com  
                                                          TOTAL: 16